IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ANNETTE CANCEL-LORENZANA [22],<br><br>**Defendant.** | **CRIMINAL NO.** 12-413 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Annette Cancel-Lorenzana's motion to sever pursuant to Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)") (Docket No. 1506), and the United States's opposition (Docket No. 1533). For the reasons articulated below, the Court **DENIES** defendant's motion to sever.

I.  Background

Count three of the superseding indictment charges Cancel-Lorenzana, along with her husband and co-defendant Carlos Arce-Lopez, with the commission of a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).[1] (Docket No. 518.) Defendants are accused of (1) making cash payments and money wire transfers to pay for controlled substances to be imported from the Dominican Republic to Puerto Rico; (2) co-mingling drug trafficking proceeds with monies derived from the retail sales of their

---

[1] Count three also charged Ramon L. Nuñez-Freytes, who pleaded guilty to count three on May 16, 2014. (Docket No. 1485.)

Criminal No. 12-413 (FAB)                                                    2

business, Ferreteria Arce; (3) making misrepresentations with respect to real estate purchases; and (4) structuring cash currency transactions with the intent to evade currency transaction reporting requirements.  Id.  Counts one and two charge twenty other defendants — including Arce-Lopez — with participating in a drug-trafficking conspiracy that involved smuggling cocaine through luggage checked into American Airlines flights from San Juan, Puerto Rico to locations along the East Coast of the United States between 1999 and 2009.  Id.  Arce-Lopez is also charged with being a felon in possession of a firearm and possession of stolen firearms (Docket No. 615 and Criminal No. 12-736), and participating in the Dominican Republic drug-trafficking conspiracy mentioned above (Docket No. 732-1).[2]

The Court severed count three pursuant to Federal Rule of Criminal Procedure 8(b) ("Rule 8(b)") on October 22, 2013 (Docket No. 935), and denied a motion to reconsider that decision on July 10, 2014 (Docket No. 1530).  Several defendants charged in counts one and two ("Group One") were tried in April, 2014.  Two defendants — Arce-Lopez and Angel Torres Moreno — remain to be tried for counts one and two, while Arce-Lopez and Cancel-Lorenzana remain to be tried for count three.  (See id. at p. 4.)

---

[2] This conspiracy is charged in criminal case number 13-148 before Judge Daniel R. Dominguez.

Cancel-Lorenzana contends that, should she be tried alongside Arce-Lopez, she faces a serious risk of prejudice because evidence of her husband's extensive participation and leadership in uncharged criminal activity that would otherwise be inadmissible against her alone will be presented at trial and "spillover" into the jury's assessment of her guilt.  Consequently, Cancel-Lorenzana avers, jurors will be led to erroneously conclude that, merely because she is married to Arce-Lopez, she had knowledge of his drug-trafficking activities and is therefore guilty of count three. (Docket No. 1506.)

## II.  Discussion

### A.  Rule 14(a) Standard

As a general rule, defendants "who are indicted together should be tried together."  United States v. De Leon, 187 F.3d 60, 63 (1st Cir. 1999) (internal citation omitted).  Rule 14(a), however, permits trial courts to order severance or other relief where joinder of offenses or defendants, even while proper pursuant to Rule 8(b), "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a); Zafiro v. United States, 506 U.S. 534, 538 (1993).  To overcome that presumption, a defendant seeking severance must make "a strong showing of evident prejudice." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993).  A district court should grant severance pursuant to Rule 14(a) "only if there is a serious risk that a joint trial would compromise a

Criminal No. 12-413 (FAB)                                                    4

specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.  That risk may arise where evidence that is not admissible or should not be considered against one defendant on his or her own is admitted against a co-defendant.  Id.

The risk of spillover prejudice provides one possible ground for Rule 14(a) severance.  "To prevail on such a claim, a defendant must prove prejudice so pervasive that a miscarriage of justice looms." United States v. Pierro, 32 F.3d 611, 615 (1st Cir. 1994) (internal citations omitted).  Additionally, a defendant asserting spillover "must overcome the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court" to consider each defendant's guilt separately. United States v. Turner, 93 F.3d 276, 284 (7th Cir. 1996).  See also Zafiro, 506 U.S. at 540 ("[J]uries are presumed to follow there instructions.")  (internal quotation marks and citation omitted).

    **B.    Cancel-Lorenzana's Allegations of Spillover Prejudice Do Not Warrant a Rule 14(a) Severance**

The Court disagrees with defendant's contention that evidence of Arce-Lopez's involvement in separate drug-trafficking conspiracies would be inadmissible against Cancel-Lorenzana were she tried alone.  Much of the evidence she labels as "prejudicial spillover" supports one of the elements of the money-laundering

Criminal No. 12-413 (FAB)                                                         5

conspiracy charged in count three.  The Money Laundering Control Act ("the Act") provides, as relevant here:

> **(a)(1)** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the specified unlawful activity –
>
> **(A)(i)** with the intent to promote the carrying on of specified unlawful activity; or . . .
>
> **(B)** knowing that the transaction is designed in whole or in part —
>
>> **(i)** to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
>>
>> **(ii)** to avoid a transaction reporting requirement under State or Federal law . . . .

is guilty of money laundering.  18 U.S.C. § 1956(a)(1).  Count three charges Cancel-Lorenzana and Arce-Lopez with engaging in money laundering with the intent to promote the drug-trafficking activities of Arce-Lopez, as well as to conceal and disguise drug-trafficking proceeds derived by him. (Docket No. 518 at p. 9.)  In other words, Arce-Lopez's drug-trafficking conduct constituted the "specified unlawful activity" ("SUA") connected to the money-laundering violation.  The Act defines the first element of the offense — "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" — to mean "that the person knew the property involved in the transaction represented proceeds from some form, though not

Criminal No. 12-413 (FAB)                                          6

necessarily which form, of activity that constitutes a felony under State, Federal, or foreign law." 18 U.S.C. § 1956(c)(1). Thus, to make its case against Cancel-Lorenzana, the government may produce evidence of her knowledge — or willful blindness — of the uncharged drug-trafficking activities. See United States v. Rivera-Rodriguez, 318 F.3d 268, 272 (1st Cir. 2003) ("Indeed, because governing law equates willful blindness with knowledge, . . . it would suffice for the jury to conclude that [Cancel-Lorenzana] consciously averted [her] eyes from the obvious explanation for the funds.") (internal citation omitted); United States v. Turner, 400 F.3d 491, 497 (7th Cir. 2005) ("Knowledge may be actual or constructive — by a showing of conscious avoidance of actual knowledge . . . . Knowledge may be inferred from circumstantial evidence.") (internal citations omitted).

Evidence of Arce-Lopez's extensive participation in separate drug-trafficking conspiracies for which Cancel-Lorenzana is not charged would nevertheless be admissible against her alone to show her knowledge of the SUA connected to the charged money-laundering violations. "Where evidence featuring one defendant is independently admissible against a codefendant, the latter cannot convincingly complain of an improper spillover effect." O'Bryant, 998 F.2d at 26 (internal citations omitted). The relevant inquiry here is not whether Cancel-Lorenzana would benefit from a separate trial. "[P]rejudice means more than just a better chance of

Criminal No. 12-413 (FAB)                                                      7

acquittal at a separate trial." United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990) (quoting United States v. Martinez, 479 F.2d 824, 828 (1st Cir. 1973)).  "There is always some prejudice in any trial where more than one offense or offender are tried together — but such 'garden variety' prejudice, in and of itself, will not suffice."  Id. (internal citations omitted).  Even "where one defendant's involvement in an overall agreement is far less than the involvement of others," severance may not be appropriate. Id.

> To the extent that any spillover does result from evidence that is not independently admissible against Cancel-Lorenzana, the Court is unpersuaded by her contention that appropriate limiting instructions cannot mitigate any ensuing spillover prejudice.  See United States v. Floyd, 740 F.3d 22, 37 (1st Cir. 2014) (noting that the district court "took effective measures to palliate spillover prejudice" by giving limiting instructions "as to the admissibility of evidence against particular defendants and as to the need to determine guilt on an individual basis.") (internal quotation marks and citation omitted); O'Bryant, 998 F.2d at 26 ("The court repeatedly gave limiting instructions, cabining the way in which certain pieces of evidence could be used and reminding the jurors that the evidence must be weighed separately as to each defendant on each count.")

Criminal No. 12-413 (FAB)                                                   8

Severance pursuant to Rule 14(a) asks a defendant to clear a high hurdle; Cancel-Lorenzana has failed to do so here.

### III. Conclusion

The Court discerns no unfair or unacceptable spillover prejudice resulting from Cancel-Lorenzana being tried alongside her husband and co-defendant, Arce-Lopez.  Accordingly, the Court **DENIES** her motion to sever pursuant to Rule 14(a).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 21, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE